## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 17-10179-PBS |
| | ) | |
| LYNDON SCOTT | ) | |

### JOINT STATUS REPORT

Pursuant to Local Rule 116.5(A), the parties are hereby jointly filing the following status report prepared in connection with the Initial Status Conference scheduled for August 10, 2017.

1. <u>Automatic Discovery Status/Outstanding Discovery Requests</u>

Initial discovery in this case was begun at the initial appearance on April 11, 2016 and will continue if additional documents became available. Discovery in this case has to date been done in three parts.

Part I is global discovery produced to all defendants arrested in the Lenox Street area at the same time as the defendant. It has been produced as Global 1-993 and includes investigative reports and grand jury testimony.

Part II includes individualized discovery involving the defendant. To date, the following discovery has been produced to the defendant: Charging documents – 1; BOP – 7; Stills from charged buy – 17; Transcript from charged buy – 26; Historic

Police Reports/FIOS – 32; Gang Database Information – 64; Lyndon

Scott 6/8/17 Identification Procedure – 66; Lyndon Scott 6/28/11

Firearm Arrest – 69; Lyndon Scott 2/3/17 Drug Arrest – 74

Cell site search warrant – 83.

The automatic discovery letter in this case was sent out on

July 13, 2017. Along with this letter, the government produced

the arrest report, the return on the search warrant executed on

the defendant's cell phone, and information regarding the

cooperating witness.

Part III of the discovery in this case is the audio and

video recordings involving the defendant. This included

recordings E-75 and 76. These have been produced to defense

counsel and have been sent to the defendant at the facility

where he is presently incarcerated.

    2.  Additional Discovery

Other than the drug certification on the buy charged in

Count 1 and the backup for the testing, the government does not

presently anticipate producing or requesting any other

additional discovery except as set forth above and as may be

required by LR 116.6 or as may be requested by the defendant.

Should any additional discovery come in, it will be produced

promptly. The defendant does not anticipate producing any

discovery other than that set forth in paragraph 6, below.

3. <u>Timing of Additional Discovery Requests</u>

The defendant is reviewing the discovery provided by the government and will report on this issue at the next status conference.

All parties also recognize that their discovery obligations are ongoing. All parties will file additional discovery requests promptly upon determining that such a request is needed.

4. <u>Protective Orders</u>

It does not presently appear that any protective orders are anticipated by the parties. Should that change, the parties will address those issues promptly.

5. <u>Pretrial Motions</u>

The defendant will file any additional discovery letter on or before September 1, 2017 and any discovery motions within 7 days of the government's response. The parties will propose a schedule for any additional pretrial motions at the next status conference.

6. <u>Expert Discovery</u>

The government anticipates that, unless there is a stipulation regarding the drugs involved in this case, it will offer expert testimony regarding the drugs at issue. As was described in the automatic discovery letter, that anticipated testimony is likely to include that the drugs are cocaine base.

The defendant is not presently requesting expert discovery, but is reserving the right to seek such discovery pending disclosure of trial witnesses by the government.

The government will make full expert disclosures 21 days before trial.  The defendant will make expert disclosures 7 days before trial.

7. Speedy Trial Act Calculations

The parties have conferred on the periods excludable from all Speedy Trial Act calculations and believe that the following periods are excludable:

6/15/17 until 8/10/17      Excluded per order dated 6/26/17

6/14/16-Interim Conf.      Excluded per agreement of the parties
                           18 U.S.C. §3161(h)(7)(A) Interests of
                           justice

As of the Interim Status Conference, 0 days will have been counted and 70 days will remain under the Speedy Trial Act.

8. Interim Status Conference

The parties request that an Interim Status Conference be scheduled for the week of October 9, 2017 or as soon thereafter as is convenient for the court and ask that the time between the Initial Status Conference and the Interim Status conference be

excluded from all Speedy Trial Calculations.

                              Respectfully submitted,

                              WILLIAM D. WEINREB
                              ACTING UNITED STATES ATTORNEY

                    By:  /s/John A. Wortmann, Jr.
                         JOHN A. WORTMANN, JR.
                         Assistant U.S. Attorney
                         One Courthouse Way
                         Boston, MA
                         (617) 748-3207

                         /s/ Austin C. Tzeng
                         AUSTIN C. TZENG
                         Law Office of Austin C. Tzeng
                         Suite 501
                         21 Mayor Thomas J. McGrath Hwy
                         Quincy, MA 02169
                         781-929-4882
                         COUNSEL TO LYNDON SCOTT


                    **CERTIFICATE OF SERVICE**


        The government hereby certifies that the foregoing was this
day filed through the ECF system and will be sent electronically
to the registered participants as identified on the Notice of
Electronic Filing ("NEF") and paper copies will be sent to those
indicated as non-registered participants.


                              /s/John A. Wortmann, Jr.  8/8/17
                              JOHN A. WORTMANN, JR.
                              Assistant U.S. Attorney